IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

GRANT LEONARD GLOVER,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Civil Case 2:24-CV-002-Z
(Criminal Case 2:21-CR-045-Z-BR-2)

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Grant Leonard Glover filed a motion to vacate, set aside, or correct sentence ("Motion") by a person in federal custody, pursuant to 28 U.S.C. Section 2255. ECF No. 2. Having considered the Motion, the responses and replies thereto, the record, and applicable authorities, the Court hereby **DENIES** the Motion for the reasons stated below.

### BACKGROUND

The record in Glover's underlying criminal case, No. 2:21-CR-045-Z-BR-2 (the "CR"), shows the following:

On October 27, 2021, Glover pleaded guilty to one count of Distribution and Possession With Intent to Distribute Psilocin and Aiding and Abetting, in violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(C) and 18 U.S.C. Section 2. CR ECF Nos. 249, 449. After Glover's guilty plea, the probation officer prepared a presentence report ("PSR"), attributing 2,152.41 kilograms of converted drug weight to Glover,[1] and showing that Glover's base offense level was 30. CR ECF No. 282-1 ¶ 66. After reductions for acceptance of responsibility, his total offense level was 27. *Id.* ¶¶ 73-75. His sentencing guideline range was 100 to 125 months. *Id.*

---

[1] Before sentencing, the converted drug weight attributed to Glover was reduced to 1,670.26 kilograms, which did not change the guideline computations. CR ECF 351-1.

¶ 122. On June 29, 2022, the Court sentenced Glover to a term of imprisonment of 110 months, followed by three years of supervised release. CR ECF No. 425. Glover filed a direct appeal, which was dismissed by the Fifth Circuit as frivolous on June 9, 2023. CR ECF No. 470-1; *see also United States v. Glover*, No. 22-10673, 2023 WL 3918989 (5th Cir. June 9, 2023).

On December 20, 2023, Glover timely filed this motion, alleging that the amount of converted drug weight attributed to him in the PSR (even after the reduction referenced above) was incorrect, thereby resulting in an incorrect guideline range and an erroneous sentence. CR ECF No. 475; ECF No. 2. In response to Glover's motion, the government noted its inability to assess whether any prejudicial error had occurred because the PSR provided only a partial accounting of the actual drug weight and converted drug weight attributed to Glover for the purposes of relevant conduct. ECF No. 12 at 10. The Court ordered the U.S. Probation Office to file an addendum to the PSR (the "PSR Addendum") to fully detail the actual drug amounts and converted drug weight attributed to Glover. ECF No. 14. The PSR Addendum was filed on July 12, 2024, and showed that the actual amount of converted drug weight attributable to Glover is 1,530.52 kilograms rather than 1,670.26 kilograms. CR ECF No. 484. Both Glover and the government were given an opportunity to review the PSR Addendum and address the effect, if any, of the new information on Glover's pending motion. ECF No. 14. The government filed its supplemental response on August 22, 2024. ECF No. 20. Glover filed his supplemental brief on November 29, 2024. ECF No. 32.

## GROUNDS FOR THE MOTION

Glover asserts the following grounds for relief, all based on his claim of ineffective assistance of counsel: (1) trial counsel failed to object to the PSR before sentencing because it attributed 1,670.26 kilograms of converted drug weight to Glover; (2) trial counsel failed to

2

object that drugs seized from co-defendants were included in Glover's relevant conduct for the purposes of determining his sentence; and (3) he received ineffective assistance from appellate counsel for failing to identify the converted drug weight attribution as a non-frivolous issue for appeal. ECF Nos. 2 at 4–5, 3 at 3, 9, 14, 18.

## STANDARD OF REVIEW

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

3

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Glover's claims, as set forth below.

## ANALYSIS

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must

4

be highly deferential and the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

### I. Ineffective Assistance of Trial Counsel

#### A. *Calculation of Converted Drug Weight Attributed to Glover*

Glover claims that his trial attorney's performance was ineffective for failing to object to the PSR because it attributed an erroneous amount of converted drug weight to Glover. He claims that a misplaced decimal point meant that he was held responsible for 1,670.26 kilograms of marijuana instead of 167.02 kilograms. ECF No. 3 at 6. While Glover provides no valid basis for this assertion, he is correct that the original PSR was deficient in several ways. Although the PSR contains detailed descriptions of the source(s) of the drugs attributed to Glover, it fails to provide the converted drug weight totals attributed to him in Paragraph Nos. 42, 44, 50–53 of the PSR. CR ECF No. 282-1. Further, while Paragraph No. 53 of the PSR states that drugs, currency and a weapon were seized from co-Defendants Chandler Smith and Andre Lewis, and were attributed to Glover, it provides neither the amount of drugs seized nor the converted drug weight attributed to Glover. *Id.* at 15. The unspecified amounts of drugs confiscated from Smith comprise the vast majority of the converted drug weight attributed to Glover in the PSR.[2]

Because of these deficiencies, the Court asked the U.S. Probation Office to provide the missing information, which it did in the PSR Addendum. While the underlying facts regarding the drugs did not change in the PSR Addendum, the amount of converted drug

---

[2] According to the PSR Addendum, 1,404.60 kilograms of the 1,530.52 kilograms of converted drug weight attributed to Glover were seized from Smith's residence. *See* ECF Nos. 282-1 at ¶ 53, 484-1 at 3.

weight attributable to Glover was lowered from 1,670.26 kilograms to 1,530.52 kilograms. CR ECF No. 484-1 at 3.

Assuming for the purposes of Glover's motion that his counsel was ineffective for failing to object to the unsupported PSR calculations, the question before the Court is whether such ineffective assistance prejudiced Glover, as is required by *Strickland* before Glover is entitled to habeas relief. To show prejudice, Glover must establish a reasonable probability that, had counsel objected, "the result of the proceeding would have been different." *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024). In the context of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203–04 (2001).

The Court concludes that Glover cannot show that he was prejudiced by counsel's failure to object to the PSR. The revised converted drug weight quantity of 1,530.52 kilograms as shown in the PSR Addendum does not change Glover's base offense level of 30. *See* USSG Section 2D1.1(c)(5) (establishing the threshold for base offense level 30 at 1,000 kilograms of converted drug weight). Accordingly, even if Glover's counsel had objected to the converted drug weight set out in the PSR and the amount had been corrected before sentencing, Glover's sentencing guideline range of 100 to 125 months would not have changed. Further, Glover was aware of the total converted drug weight of 1,670.26 kilograms at the time of sentencing, even if the PSR did not provide all relevant calculations as to how that number was determined. Glover has not shown that his sentence increased due to his trial counsel's allegedly ineffective conduct. *See Glover*, 531 U.S. at 203.

Glover alleges that the PSR Addendum "attempts to apply additional drugs to him" and provides an "entirely distinct calculation derived from drugs not previously ascribed to

6

him" in connection with the seizure from Smith. ECF No. 32 at 3. This is not the case. First, the factual scenarios under which the drugs were seized from Glover's co-defendants are unchanged from the ones set forth in the PSR, so they are not drugs "not previously ascribed to him." Second, the amounts provided in the PSR Addendum arising from the Smith seizure are identical to the amounts set out in Smith's Second PSR Addendum filed on January 27, 2022 (of which the Court takes judicial notice), and are consistent with the total amount attributed to Glover in the PSR (as amended before sentencing). *See* CR ECF No. 324-1 at 3. There is no evidence supporting Glover's claim that the PSR Addendum is attempting to ascribe an "entirely new set of drugs" to Glover; rather, it merely provides the missing mathematical support for the total converted drug weight attributed to Glover at the outset.

## B. *Authenticity of the Attributed Drugs*

Glover next argues that counsel was ineffective in failing to challenge the authenticity of the drugs attributed to him by seeking lab tests and inventory lists. ECF No. 32 at 2. His claim is without merit. A sentencing court's factual findings must be supported by what it could fairly determine to be a preponderance of the evidence. *See United States v. Owens,* 94 F.4th 481, 487 (5th Cir. 2024) (citing *United States v. Sherrod,* 964 F.2d 1501, 1508 (5th Cir. 1992)). "When making factual findings for sentencing purposes, district courts may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *Owens,* 94 F.4th at 487 (quoting *United States v. Harris,* 702 F.3d 226, 230 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted). "Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id.* Thus, the court "may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate

7

that the information in the PSR is unreliable." *Id.* Glover has presented no evidence nor otherwise demonstrated that the evidentiary bases for the converted drug weight attributed to Glover in the original PSR were either erroneous or unreliable.

Glover merely seeks a hearing to explore whether the PSR Addendum is erroneous. Specifically, he seeks a hearing to determine the "nature and quantity of drugs" and the timing of Smith's entry into the conspiracy that led to the drug seizure from Smith being attributed to him. ECF No. 32 at 6. A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed,* 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Further, a movant cannot use "an evidentiary hearing [as] a 'fishing expedition' for him to find support to validate his allegations." *United States v. Franks,* 397 F. App'x 95, 101 (5th Cir. 2010) (per curiam) (citing *United States v. Edwards,* 442 F.3d 258, 268 n.10 (5th Cir. 2006)). As discussed above, the evidentiary bases leading to the attribution of co-defendants' drug amounts to Glover remained unchanged from the original PSR, although the amounts of much of the attributed drugs, as well as some converted drug weight calculations, were missing. When the omitted information was provided by the PSR Addendum, it had no effect on Glover's base offense level and, as a result, no effect on his sentence. Glover has failed to present independent indicia in support of his claims, in that he has provided no evidence that he was prejudiced by trial counsel's failure to request lab tests and inventory lists. As a result, the Court concludes that he is seeking to use an evidentiary hearing as a fishing expedition to validate his allegations. Glover has failed to show that he is entitled to either an evidentiary hearing or habeas relief on this issue.

### C. *Attributing Co-Defendants' Converted Drug Weight to Glover*

Glover next alleges that trial counsel was ineffective for failing to object to the

8

attribution of converted drug weight to him that did not involve him directly. Glover argues that only the mushrooms containing psilocin should be attributed to his relevant conduct because he was unaware of the actions of his co-defendants and did not know the extent of their illicit operations. ECF No. 32 at 2-3.

Glover's claim that his counsel failed to object to the attribution of co-defendants' converted drug weight to Glover is refuted by the record. Specifically, before sentencing, trial counsel filed a Motion for Variance and Memorandum in Support of Sentencing, in which counsel argued:

> ... Mr. Glover did not provide any marijuana to [co-Defendant Demarcus Dave] Grabert, was not involved in the shipping of marijuana to Mr. Grabert, nor was he aware of the quantity or volume of marijuana Mr. Grabert was involved with . . . . Simply put, Mr. Glover was not aware of, nor was he involved with, the vast majority of the conspiracy at issue here. . . . Again, Mr. Glover's contribution was 75 grams of mushrooms containing psilocin, which served as the basis for his change of plea.

CR ECF No. 403 at 7. As a result, counsel argued, Glover should not be held accountable for any converted drug weight over the 75 grams of mushrooms containing psilocin that he admitted in his plea agreement to providing. Counsel further argued that amounts in excess of the 75 grams of mushrooms were not reasonably foreseeable to Glover, so they should not be attributed to him at sentencing. *Id.* at 7, 21. Trial counsel also submitted an affidavit from Grabert, who stated therein that "[w]hile Mr. Glover was aware of what I was doing, he did not know the quantity or volume of marijuana that I was involved with." CR ECF No. 403-1 at 2. In short, Glover's trial counsel made the very argument that Glover now contends he failed to make.

The Court considered counsel's argument made both in the written motion and during the sentencing hearing. CR ECF No. 448 at 12-31. Nevertheless, based on the Section 3553(a)

9

factors as outlined in the sentencing hearing, the Court sentenced Glover to 110 months, near the midpoint of the sentencing guideline range. *Id.* The Court specifically addressed—and denied—counsel's argument that the volume of illegal product moved by Grabert's operation was not foreseeable to Glover.[3] *Id.*; *see United States v. Fierro*, 38 F.3d 761 (5th Cir. 1994); *United States v. Valdez*, 453 F.3d 252 (5th Cir. 2006); *United States v. Jackson*, 596 F.3d 236 (5th Cir. 2010).

The fact that counsel's challenges to the drug quantities attributed to Glover were unsuccessful does not render counsel ineffective. *See, e.g.*, *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief."); *see also Jones v. United States*, No. 3:19-cv-1461, 2021 WL 5017342, at *2 (N.D. Tex. 2021) ("Habeas relief is not warranted where, as here, counsel tried but was not successful in his efforts to persuade the court."). Trial counsel clearly and competently argued that the drug quantities of Glover's co-defendants should not be attributed to him because he had no knowledge of their activities. Accordingly, Glover is not entitled to habeas relief on this basis.

### D. *Failure to Investigate*

Glover alleges that trial counsel was ineffective for conducting a faulty investigation of the PSR. ECF No. 3 at 12. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989);

---

[3] Glover also argues that converted drug weight was improperly attributed to him because it stemmed from a timeframe before Glover provided mushrooms to Grabert. ECF Nos. 3 at 14, 32 at 6. Assuming for the purposes of his motion that this argument was not waived by the appeal waiver contained in his plea agreement, such claim is meritless. The PSR shows that authorities were informed of Glover's participation by a cooperating source in early April 2020. *See* ECF No. 282-1 at ¶ 17. The timeframe covering the drug weight attributed to Glover does not begin until late April 2020. *Id.* at ¶ 25.

*see also United States v. Talamini*, 2013 WL 1197926, at *3 (N.D. Tex. Mar. 25, 2013) ("Movant does not identify any further information that counsel could have uncovered that would have favorably changed the outcome of his case."). Glover does not allege what, if anything, counsel should have done that would have changed the outcome of his case. He merely claims that counsel should have double-checked the attributed drug quantities and converted drug weight to determine their accuracy; however, as set forth above, he fails to show that he was prejudiced by counsel's failure to discover the omissions in the PSR. He has not provided evidence of any PSR errors or omissions that would have lowered his base offense level or his sentence; as a result, he was not prejudiced by any alleged failure to investigate the PSR.

## II. Ineffective Assistance of Appellate Counsel

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348. Thus, it is possible that an ineffective assistance claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S.

11

259, 288 (2000).

Assuming for the purposes of the motion that Glover's appellate counsel was ineffective for not raising the PSR's omissions, Glover still must demonstrate "there is a reasonable probability that, but for [appellate] counsel's unprofessional error[], the result of the proceeding would have been different" before he is entitled to habeas relief. *Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 694). A reasonable probability is that which renders the proceeding unfair or unreliable, *i.e.*, undermines confidence in its outcome. *See id.*; *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

As discussed above, the omissions in the PSR did not affect Glover's substantial rights, nor did it affect the "fairness, integrity or public reputation" of the judicial proceedings. Consequently, because raising the PSR's omissions would not have changed the outcome of Glover's direct appeal, appellate counsel's failure to raise the issue did not affect Glover's substantial rights for the purposes of habeas review. Prejudice results only when appellate counsel fails to raise a claim or issue on appeal and it is shown "that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue" and that "the attorney's deficient performance led to a fundamentally unfair and unreliable" outcome. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

Further, counsel's purported error was harmless because, at sentencing, the Court noted that it would have imposed the same sentence regardless of whether the advisory guidelines range had been calculated incorrectly, and it would have imposed the same sentence for the same reasons set forth at the sentencing hearing. CR ECF No. 448 at 50–52. *See United States v. Pyle*, No. 24-10307 (5th Cir. 2024) ("Even when a district court fails to consider the correct sentencing guideline range, an error may be harmless if the proponent

12

of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing."). Glover cannot establish that he was prejudiced by counsel's allegedly ineffective assistance because the PSR omissions had no effect on his sentence.

Glover has not shown that appellate counsel's failure to raise the issues of which he complains prejudiced his rights or caused a "fundamentally unfair and unreliable" outcome under the *Strickland* paradigm. As such, his claim of ineffective assistance of appellate counsel is denied.

For the reasons stated above, Glover's motion to vacate is **DENIED** with prejudice. Glover's Motion to Expedite Decision (ECF No. 33) is **DENIED** as moot.

**SO ORDERED.**

May $\underline{23}$ 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

13